## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.H.**

**No. 16-1214** (Mercer County 16-JA-123-MW)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.B., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's September 29, 2016, order terminating her parental, custodial, and guardianship rights to thirteen-year-old B.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Patricia Kinder Beaver, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner alleges that the circuit court erred in denying her motion to extend his post-dispositional improvement period and in allowing the DHHR to fail to timely file a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, G.H., B.H.'s biological dad, filed a domestic violence petition on behalf of B.H. against petitioner mother alleging that petitioner forced her to sit in a chair and asked her to close her eyes. When B.H. opened her eyes, petitioner was pointing a gun at B.H.'s head. Petitioner also told B.H. that if she told anyone about the incident that she would "make sure she was sorry." The Family Court of Mercer County granted B.H. a 180-day domestic violence protective order against petitioner and granted custody of B.H. to G.H. Based on these allegations, the case was referred to Child Protective Services ("CPS") for further investigation.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]B.H.'s non-offending father G.H., by counsel William O. Huffman, filed a response "joining in and concurring" with the guardian's brief.

The following year, DHHR filed an abuse and neglect petition against petitioner based in part, on the allegations that petitioner held a gun to B.H.'s head. The petition also alleged that petitioner abused B.H. when she acquired a pitbull despite the fact that she knew that B.H. was "terrified" of dogs. Petitioner admitted that she purchased the pitbull to "help [B.H.] overcome her fears."

In August of 2016, the circuit court held an adjudicatory hearing during which petitioner and a DHHR worker testified. According to the DHHR worker, petitioner tied B.H.'s hands together, made her close her eyes, and when B.H. opened her eyes, petitioner had a gun pointed at B.H.'s forehead. The worker also testified that petitioner knew about B.H.'s extreme phobia of dogs, but acquired a pitbull. Finally, the worker testified that while B.H. did not want to visit with petitioner because of the pitbull, petitioner refused to remove the pitbull from her residence. Petitioner admitted that she knew about B.H.'s fear of dogs, but purchased a pitbull to help B.H. overcome her fears. Petitioner also testified that she still owns the pitbull. After considering the testimony, the circuit court adjudicated petitioner as an abusing parent by order entered on August 25, 2016.

During the dispositional hearing, the circuit court heard testimony that petitioner refused to cooperate with the DHHR to address the issues of abuse and neglect. According to the CPS worker, petitioner refused to participate in the development of a family case plan, to submit to a psychological evaluation, or to participate in parenting and adult life skills classes because she did not want to admit that she held a gun to B.H.'s head. While petitioner did participate in at least one supervised visitation, the CPS worker testified that petitioner failed to show any bond with B.H. After considering the parties' arguments and B.H.'s best interests, the circuit court terminated petitioner's parental rights by order entered on September 29, 2016.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]According to the guardian, as of the filing of her response briefs, B.H. was placed in permanent care of her non-offending father with a permanency plan of remaining in his care.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in failing to properly consider the wishes of B.H. before terminating petitioner's parental, custodial, and guardianship rights. We have stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

While petitioner is correct that circuit courts should consider the wishes of a child of appropriate age before terminating a parent's parental rights, the Court does not find reversible error on that issue under the specific limited circumstances of this case. Pursuant to West Virginia Code § 49-4-604(b)(6)(C), when reaching disposition, a circuit court "shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." The record on appeal in this case is undisputed that B.H. was not yet fourteen years old at the time of the dispositional hearing. Furthermore, petitioner does not argue that B.H. was of an appropriate age of discretion. Although the circuit court did not hear from B.H., it did hear testimony that B.H. did not want to visit with petitioner because she was "terrified" of the pitbull at petitioner's residence. Similarly, petitioner refused to remove the pitbull from her home. The circuit court also heard testimony that petitioner failed to show any bond with B.H. during her supervised visitation. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings or the related statutes have been substantially disregarded or frustrated such that vacation is required. Therefore, we find no reversible error in this regard.

Moreover, West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the children's welfare." West Virginia Code § 49-4-604(c)(2) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] willfully refused or [is] presently unwilling to cooperate in the development of a reasonable family case plan[.]" It is undisputed that petitioner refused to participate in the development of a family case plan, submit to a psychological evaluation, or participate in parenting and adult life skills classes because she did not want to admit that she held a gun to B.H.'s head. Given these facts, we find no error in the circuit court's ruling that there was "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." As such, we find no error.

For the foregoing reasons, we find no error in the circuit court's September 29, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker